### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| COREY WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| OFFICER LUKE OPOKA, STAR NO. 18952; | ) | |
| OFFICER J. HARO, STAR NO. 17323; | ) | |
| OFFICER DEREK DUSZAK, STAR NO. 10658; | ) | |
| OFFICER NICHOLAS RUMSA, STAR NO. 1371; | ) | |
| OFFICER EDWARD KOS, STAR NO. 18020; | ) | |
| OFFICER WALTER PUCHALSKI, STAR NO. 3588; | ) | |
| OFFICER DENNIS HUBERTS, JR., STAR NO. 12488; | ) | |
| OFFICER BRANDON SMITH, STAR NO. 7872; | ) | |
| and CITY OF CHICAGO; | ) | |
| | ) | |
| Defendants. | ) | Trial By Jury Demanded |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Corey Webb ("Mr. Webb"), by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Officer Luke Opoka, Star No. 18952; Officer J. Haro, Star No. 17323; Officer Derek Duszak, Star No. 10658; Officer Nicholas Rumsa, Star No. 1371; Officer Edward Kos, Star No. 18020; Officer Walter Puchalski, Star No. 3588; Officer Dennis Huberts, Jr., Star No. 12488; Officer Brandon Smith, Star No. 7872; and City Of Chicago, states as follows:

### JURISDICTION AND VENUE

1.      This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

1

2.      This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

4.      Plaintiff  is a resident of the City of Chicago, State of Illinois.

5.      At all relevant times herein referenced, Defendant, Officer Luke Opoka, Star No. 18952 ("Officer Opoka"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Opoka was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6.      At all relevant times herein referenced, Defendant, Officer J. Haro, Star No. 17323 ("Officer Haro"); was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Haro was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

7.      At all relevant times herein referenced, Defendant Officer Derek Duszak, Star No. 10658 ("Officer Duszak"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Duszak was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8.      At all relevant times herein referenced, Defendant Officer Nicholas Rumsa, Star No. 1371 ("Officer Rumsa"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this

Complaint, Officer Rumsa was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9.      At all relevant times herein referenced, Defendant Officer Edward Kos, Star No. 18020 ("Officer Kos"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Kos was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

10.     At all relevant times herein referenced, Defendant Officer Walter Puchalski, Star No. 3588 ("Officer Puchalski"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Puchalski was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

11.     At all relevant times herein referenced, Defendant Officer Dennis Huberts, Jr., Star No. 12488 ("Officer Huberts"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Huberts was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

12.     At all relevant times herein referenced, Defendant Officer Brandon Smith, Star No. 7872 ("Officer Smith"), was and remains employed by the City of Chicago as a sworn police officer.  He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Smith was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

13.     At all relevant times herein referenced, Defendant, City of Chicago ("Defendant City"), was and remains a governmental entity formed pursuant to the laws of the State of Illinois.  Officer Opoka, Officer Haro, Officer Duszak, Officer Rumsa, Officer Kos, Officer Puchalski, Officer Huberts, and Officer Smith ("Defendant Officers") were employed by Defendant City of Chicago as a sworn police officers, and at the time of the incident at issue were acting within the scope of their employment for the Chicago and under color of law.

## FACTUAL ALLEGATIONS

14.     On or about June 27, 2017, at approximately 4:00 p.m., Mr. Webb was located in his automobile at 9659 South Loomis Street, Chicago, Illinois.

15.     Mr. Webb's girlfriend and two young children were also in the car.

16.     Officer Opoka and Officer Haro approached Mr. Webb in a police vehicle.

17.     Officer Opoka and Officer Haro exited their police vehicle, removed their guns from their holsters, aimed their guns at Mr. Webb and walked quickly towards him.

18.     There was no legal basis for this police stop as Mr. Webb had done nothing wrong.

19.     Mr. Webb submitted his valid driver's license, proof of automobile insurance, and a valid Firearms Owners Identification card.

20.     Mr. Webb informed the Defendant Officers that he had a gun in his car, and he directed them to its lawful location in the trunk of the vehicle.

21.     Shortly thereafter, Officer Opoka and Officer Haro arrested Mr. Webb.

22.     Officer Duszak, Officer Rumsa, Officer Kos, Officer Puchalski assisted in the arrest of Mr. Webb.

4

23.     Officer Smith and Officer Huberts also caused the arrest of Mr. Webb by communicating with Officer Duszak and other Defendant Officers prior to and during the arrest of Mr. Webb.

24.     There was no legal basis for the arrest as Mr. Webb did not do anything wrong.

25.     As a result of the Defendant Officers' misconduct, Mr. Webb suffered damages.

**COUNT I**
**SECTION 1983**
**FALSE ARREST/UNLAWFUL SEARCH & SEIZURE**
**AGAINST ALL DEFENDANT OFFICERS**

26.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25 as his respective allegations of paragraph 26.

27.     Officer Opoka, Officer Haro, Officer Duszak, Officer Rumsa, Officer Kos, Officer Puchalski, Officer Huberts, and Officer Smith did not have probable cause to arrest the Plaintiff.

28.     The actions of Defendant Officers violated the Plaintiff's Fourth Amendment rights, and violated his rights protected by 42 U.S.C. §1983.

29.     As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Corey Webb, prays for judgment against the Defendants, Officer Luke Opoka; Officer J. Haro; Officer Derek Duszak; Officer Nicholas Rumsa; Officer Edward Kos; Officer Walter Puchalski; Officer Dennis Huberts, Jr.; and Officer Brandon Smith for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

5

**COUNT II**
**SECTION 1983**
**DEPRIVATION OF LIBERTY**
**AGAINST ALL DEFENDANT OFFICERS**

30.　　The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 25 as his respective allegations of paragraph 30.

31.　　As a result of the misconduct of the Defendant Officers' misconduct, the Plaintiff was deprived of his liberty and suffered damages.

WHEREFORE, the Plaintiff, Corey Webb, prays for judgment against the Defendants, Officer Luke Opoka; Officer J. Haro; Officer Derek Duszak; Officer Nicholas Rumsa; Officer Edward Kos; Officer Walter Puchalski; Officer Dennis Huberts, Jr.; and Officer Brandon Smith for compensatory damages, punitive damages, plus the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT III**
**ILLINOIS LAW CLAIM - INDEMNIFICATION**
**AGAINST CITY OF CHICAGO**

32.　　The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31 as his respective allegations of paragraph 32.

33.　　Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

34.　　At all times relevant to this incident, Officer Opoka, Officer Haro, Officer Duszak, Officer Rumsa, Officer Kos, Officer Puchalski, Officer Huberts, and Officer Smith were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

6

WHEREFORE, the Plaintiffs pray that should this Court enter judgment in their favor and against Officer Opoka, Officer Haro, Officer Duszak, Officer Rumsa, Officer Kos, Officer Puchalski, Officer Huberts, and Officer Smith, the City of Chicago will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against any of these Defendant Officers.

**JURY DEMAND**

Plaintiff, Corey Bell, respectfully demands trial by jury.

Respectfully submitted,

COREY BELL


*/s/* David S. Lipschultz
David S. Lipschultz


David S. Lipschultz
Attorney No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com